(No. 3935— ▮▮▮▮▮▮▮▮▮▮)

THE TEXAS COMPANY, A DELAWARE CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 19, 1946.*

HAROLD K. NORTON AND EDWARD R. CULLEN, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

DAMRON, J.

The above named claimant filed this complaint on October 31, 1945, seeking an award for petroleum products furnished by it to various departments of the respondent.

The record consists of the complaint, departmental report, stipulation and waiver of brief and argument on behalf of claimant and respondent.

The complaint alleges that on June 29, 1944 the Division of Purchases and Supplies of the Department of Finance, State of Illinois, through Walter R. Youngberg, State Purchasing Agent, issued to the claimant an invitation for bids for the supplying of gasoline, kerosene, liquid fuels, oils, and lubricants; that claimant on July 10, 1944, responsive to said invitation for bids, filed quotations for the supplying of said products with respondent; and that on August 8, 1944, Purchase Order Number D 124340, issued from said Department of Finance, Division of Purchases and Supplies for the State of Illinois, for shipment to the Division of Highways during the period beginning with the date of said order and ending June 30, 1945, for gasoline, motor oils, transmission and gear lubricants, and grease lubricants, at quoted prices and in amounts to be from time to time specified. A copy of said purchase order was attached to and made a part of the complaint.

That the Division of Highways during the period of August 8, 1944 to June 30, 1945, ordered from the claimant under said Purchase Order Number D 124340 various quantities and amounts of gasoline, motor oils, transmission and gear lubricants, and grease lubricants, at

various times and places, and claimant delivered said quantities and amounts of petroleum products at said times and places to duly authorized representatives of said Division of Highways.

That the agreed price for the products ordered and delivered as aforesaid was $189.39; that claimant has not received payment for said deliveries, either in whole or in part, and that claimant has not presented said claim to any State department or officer thereof, or to any person, corporation, or tribunal for the reason that the items comprising the said claim were brought to claimant's attention subsequent to September 30, 1945, the last day on which payment of claims could have been made under the appropriation established for said purposes.

That there remains due and owing to claimant from the Division of Highways of the State of Illinois, the sum of $189.39, and that no third person or corporation has any interest in said claim.

The report of the Division of Highways acknowledges receipt of sixty-nine (69) separate purchases of gasoline, oil, kerosene, grease and small parts from the claimant, divided as follows: Public Works and Buildings, 43; Public Safety, 20; Registration and Education, 3; Conservation, 2; and Public Health, 1. It further recites that each of the several departments affected have confirmed that the purchases assigned to them had been made; that the purchases conform in all respects to the conditions and requirements set out in the aforesaid purchase order contract entered into between the State and claimant; that the volumes of materials were received and used by the individual person shown and in equipment owned and controlled by the department in which he is employed, and that the prices shown are in

accord with the contract agreement. It further shows that appropriations were in effect and funds available in them to pay claimant's accounts and had they been scheduled in proper time and had the invoices been brought to claimant's attention before September 30, 1945, they could have been vouchered and paid by the State in the regular course of business. Not having been presented in time, the appropriation lapsed.

We have repeatedly held where claimant has rendered services to the State on the order of one authorized to contract for it, and submits a bill therefor within a reasonable time and due to no fault or negligence on the part of claimant, same is not approved and vouchered for payment, before the lapse of the appropriation from which it is payable, an award for the reasonable value of same may be made, where at the time the services were rendered there were sufficient funds remaining therein to pay same. *Rock Island Sand & Gravel Company* vs. *State*, 8 C. C. R. 165; *Oak Park Hospital Inc.* vs. *State*, 11 C. C. R. 219, and cases cited thereunder.

This case comes within the rule above set forth. An award is therefore entered in favor of the claimant for the sum of One Hundred Eighty-nine Dollars and Thirty-nine Cents ($189.39).